IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

    Plaintiff,              No. CIV 2:11-cv-1943-GEB-JFM

  vs.

EXPERIAN *et al*.,

    Defendants.        ORDER

_____/

PETER GRAVES,

    Plaintiff,              No. CIV 2:11-cv-1977-GEB-JFM

  vs.

EXPERIAN *et al*.,

    Defendants.       ORDER

_____/

PETER GRAVES,

    Plaintiff,              No. CIV 2:11-cv-1988-GEB-JFM

  vs.

EXPERIAN *et al*.,

    Defendants.       ORDER

_____/

        On July 25, 2011, plaintiff filed a complaint against defendants Experian, FreeCreditReport.com and John Peace for violations of his constitutional rights.  Plaintiff also

1

filed a motion to proceed in forma pauperis. On July 27, 2011, plaintiff filed a motion to withdraw.

Also on July 27, 2011, plaintiff filed the same complaint against the same defendants, as well as a motion to proceed in forma pauperis. Plaintiff was informed that, pursuant to Local Rule 123(d), "an action may not be dismissed and thereafter refiled for the purpose of obtaining a different Judge or Magistrate Judge. If an action is dismissed and it, or one essentially the same, is refiled, it shall be assigned to the same Judge and Magistrate Judge." Accordingly, plaintiff's complaint was reassigned to the Honorable Garland E. Burrell and the undersigned. Apparently dissatisfied, plaintiff filed a motion to withdraw in that case, as well.

On July 28, 2011, plaintiff again filed the same complaint against the same defendants, as well as a motion to proceed in forma pauperis. Plaintiff also filed a notice of related case, 2:10-cv-2970-WBS-EFB, and a motion to relate cases. Pursuant to Local Rule 123(d), plaintiff's complaint was once again assigned to Judge Burrell and the undersigned.

Upon review of the dockets in these three cases, the court will grant plaintiff's motions to withdraw in case Nos. 2:11-cv-1943 and 2:11-cv-1977, and will deny as moot plaintiff's motions to proceed in forma pauperis in those two cases.

As for plaintiff's motion to proceed in forma pauperis in case No. 2:11-cv-1988, plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the complaint filed July 28, 2011, plaintiff sues defendants for violations of his First, Seventh and Fourteenth Amendment rights. In an oft-times nonsensical manner, plaintiff contends that these defendants perpetuate the idea that individuals with low credit scores are "lowly," "lazy, unreliable, and deadbeats" through media advertisements. Compl. at 2-3. The crux of plaintiff's argument appears to be that the false opinions perpetuated by defendants prevent individuals with low credit scores from gaining employment, which thereby prevents them from paying their loans, which, in turn, causes higher interest rates. According to plaintiff, the defendants benefit from the high-interest rates. Plaintiff seeks $569,000,000.00 in damages, which plaintiff intends to forward to the Department of Justice ("DOJ") to "help minorities and the public at large to recover from the damage." Id. at 3. In the remaining fourteen pages of the complaint, plaintiff sets forth a distribution plan to be followed by the DOJ upon receipt of the damages in this suit.

The court has examined the complaint and finds that it fails to state a cause of action. There are no factual allegations as to any of three defendants sufficient to support a

claim. Accordingly, plaintiff's complaint will be dismissed. Plaintiff, however, will be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests to withdraw from case Nos. 2:11-cv-1943-GEB-JFM and 2:11-cv-1977-GEB-JFM are granted;

2. Plaintiff's requests to proceed in forma pauperis in case Nos. 2:11-cv-1943-GEB-JFM and 2:11-cv-1977-GEB-JFM are denied as moot;

3. Plaintiff's request to proceed in forma pauperis in case No. 2:11-cv-1988-GEB-JFM is granted;

4. Plaintiff's complaint in case No. 2:11-cv-1988-GEB-JFM is dismissed; and

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number 2:11-cv-1988-GEB-JFM and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: August 8, 2011.

                                          UNITED STATES MAGISTRATE JUDGE

/014;graves.withdraw

1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10  PETER GRAVES,
11         Plaintiff,                No. CIV 2:11-cv-1988-GEB-JFM
12     vs.
13  EXPERIAN *et al*.,               NOTICE OF AMENDMENT
14         Defendants.
   _____/
15
        Plaintiff hereby submits the following document in compliance with the court's
16
order filed _____:
17
          _____      Amended Complaint
18
DATED:
19
20
21
22
23                                   _____
                                     Plaintiff
24
25
26